UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN RODRIGUEZ CASTILLO,<br>        Petitioner, | )<br>)<br>) |
| v. | )      C.A. No. 11-12290-GAO |
| ERIC HOLDER, ET AL.,<br>        Respondents. | )<br>)<br>) |

## MEMORANDUM AND ORDER

O'TOOLE, JR.

On December 22, 2011, Petitioner Edwin Rodriguez Castillo (Rodriguez Castillo"), an immigration detainee confined at the Plymouth County Correctional Facility, filed, through his counsel, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 naming a number of federal immigration officials as Respondents.[1]

In brief, Rodriguez Castillo challenges his mandatory detention during his removal proceedings on the grounds that the mandatory detention provision of INA § 236(c)(1) does not apply to him because his detention by ICE did not immediately follow his conviction for violation of a controlled substance law (his detention occurred over a year later).[2] Rodriguez Castillo further contends that there is no final order of removal, and jurisdiction over this matter is properly in the District Court.

Rodriguez Castillo paid the $5.00 filing fee.

---

[1] The Respondents include: (1) U.S. Attorney Eric Holder; (2) Secretary of the Department of Homeland Security Janet Napolitano; (3) Director of the U.S. Citizenship and Immigration Service Alejandro Mayorkas; (4) District Director Denis Riordan; and (5) District Director of Immigration and Customs Enforcement Bruce Chadbourne.

[2] Rodriguez Castillo cites to <u>Oscar v. Gillen</u>, 595 F. Supp. 2d 166 (D. Mass. 2009) in support.

DISCUSSION

I.  Substitution of Petitioner's Custodian as Respondent

Here, the petition lists several officials as Respondents; however, an immigration detainee contesting the legality of his detention normally must name his immediate custodian, "the individual having day to day control over the facility in which he is being detained" as the respondent to the petition. Vasquez v. Reno, 233 F.3d 688, 695-696 (1st Cir. 2000), cert. denied, sub nom. Vazquez v. Ashcroft, 122 S. Ct. 43 (2001); 28 U.S.C. § 2243 (writ of habeas corpus is "directed to the person having custody of the person detained."); See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action). In light of this, the proper Respondent is Brian Gillen, the Superintendent of the Plymouth County Correctional Facility.

Accordingly, Superintendent Gillen shall be substituted as the sole Respondent to this action, and the Clerk shall terminate the named Respondents as parties to this action.

II.  Service of the Petition

The Court will direct service of the petition and a response by the Respondent, as set forth below.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.  Brian Gillen, the Superintendent of the Plymouth County Correctional Facility, shall be substituted as the sole Respondent in this action;

2.  The Clerk of this Court shall serve a copy of the petition upon (i) Brian Gillen, Superintendent of the Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, Massachusetts 02360; and (ii) the United States Attorney for the District of Massachusetts;

3. The Respondent shall, within 21 days of receipt of this Memorandum and Order, file an answer or other responsive pleading; and

4. The Respondent shall provide the Court with at least 48 hours advance notice of any scheduled removal of Petitioner, and any scheduled transfer of the Petitioner out of the jurisdiction.

SO ORDERED.

                                        /s/ George A. O'Toole, Jr.
                                        GEORGE A. O'TOOLE, JR.
                                        UNITED STATES DISTRICT JUDGE

DATED: January 3, 2012