UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12290-GAO

EDWIN RODRIGUEZ CASTILLO,
Petitioner,

v.

BRIAN GILLEN, Superintendent of the Plymouth County Correctional Facility
Respondent.

ORDER
August 2, 2012

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has recommended that the respondent's motion to dismiss on suggestion of mootness be granted. (Report & Recommendation (dkt. no. 18).) The petitioner has filed no opposition to the motion and no objections to the Report and Recommendation. After review of the relevant pleadings and submissions, I conclude that the magistrate judge is correct.

Accordingly, I ADOPT the recommendation. The respondent's motion (dkt. no. 16) to dismiss is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN RODRIGUEZ CASTILLO, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 11-12290-GAO |
| BRIAN GILLEN, Superintendent of the ) | |
| Plymouth County Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

# REPORT AND RECOMMENDATION ON RESPONDENT'S MOTIONS TO DISMISS

June 21, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

The Petitioner, Edwin Rodriguez Castillo, filed a petition for a writ of habeas corpus (Docket No. 1) ("Pet."), challenging his detention by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1226(c), pending a decision on his removal from the United States. The Respondent filed a "Motion to Dismiss" pursuant to Fed. R. Civ. P. 12(b)(6) in response to the habeas petition, alleging that the petition failed to state a claim upon which relief may be granted. (Docket No. 6). While that motion was pending, on March 19, 2012, the Immigration Judge found Castillo removable under 8 U.S.C. § 1227(a)(2)(B)(i), which authorizes the removal of an alien convicted of a controlled substance offense, and ordered him removed to the Dominican Republic. Castillo did not file an administrative

appeal of the removal order, and it became final on April 20, 2012. Thereafter, Castillo's detention pending deportation was based on 8 U.S.C. § 1231(a)(2), which provides that for a period of 90 days after an alien is ordered removed "the Attorney General *shall* detain the alien. *Under no circumstance during the removal period shall the Attorney General release an alien*" who is subject to this provision. (Emphasis added).

In light of this change in status, on May 11, 2012, the Respondent filed a "Motion to Dismiss on Suggestion of Mootness" pursuant to Fed. R. Civ. P. 12(b)(1). (Docket No. 16). Therein, the Respondent contends that Castillo's habeas petition should be dismissed for lack of jurisdiction. No opposition has been filed. This court agrees that Castillo's change in status has rendered his habeas petition moot, and that this court lacks jurisdiction to consider the merits of the habeas petition. Therefore, this court recommends to the District Judge to whom this case is assigned that the Respondent's initial 12(b)(6) Motion to Dismiss (Docket No. 6) be DENIED as MOOT, and that Respondent's 12(b)(1) Motion to Dismiss (Docket No. 16) be ALLOWED.

## II. STATEMENT OF FACTS[1]

Castillo is a citizen of the Dominican Republic who entered the United States as a lawful permanent resident in 1982, at age eight or nine. <u>Decision of the Immigration</u>

---

[1] Various parts of the immigration record are attached to the pleadings in connection with the original motion to dismiss as well as the motion to dismiss on suggestion of mootness. They will be cited by Docket Number as filed in this case, unless otherwise indicated. Only the facts relevant to the pending motions and/or needed to put the motions in context will be included. The facts are not in dispute.

-2-

Court ("Dec.") at 2.[2] On March 17, 2010, he admitted to sufficient facts in the Orleans District Court to a charge of possession of a Class B controlled substance, cocaine, in violation of Mass. Gen. Laws ch. 94C, § 34, and the matter was continued without a finding. Pet. at 4-5. He was sentenced to one year of probation, and was released from state custody on that same day. Id. at 9. Based on this conviction, the Department of Homeland Security charged Castillo with removability pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), which authorizes the deportation of an alien who has been convicted of a crime relating to a controlled substance. Dec. at 1-2. Castillo was taken into ICE custody for administrative proceedings to determine his removability on October 17, 2011. Dec. at 1-2; Docket No. 7-2 at ¶ 4.

On December 1, 2011, during Castillo's removal proceedings, an immigration judge determined that Castillo was subject to the "mandatory detention" provisions of 8 U.S.C. § 1226(c)(1), which authorizes the detention of an alien convicted of specified offenses "*when the alien is released*, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." (Emphasis added). See Docket No. 7-3. Castillo filed his petition for a writ of habeas corpus on December 22, 2011. Therein, he alleged that assuming, arguendo, that his pleading to sufficient facts qualified as a criminal conviction under the statutory scheme, 8 U.S.C. § 1226(c)(1) only authorized

---

[2] A copy of the Decision of March 19, 2012 finding Castillo removable is attached to the Motion to Dismiss on Suggestion of Mootness as Exhibit A.

ICE to detain him immediately upon his release from imprisonment on March 17, 2010, but it did not authorize his detention by ICE more than a year later, on October 17, 2011.

As noted above, on January 24, 2012, Respondent filed a motion to dismiss the habeas petition pursuant to Fed. R. Civ. P. 12(b)(6), alleging that it failed to state a claim. (Docket No. 6). While that motion was pending, on March 19, 2012, an Immigration Judge found Castillo removable under 8 U.S.C. § 1227(a)(2)(B)(i) due to his criminal conviction and ordered him removed to the Dominican Republic. Dec. at 21. Castillo did not appeal the removal order, and it became final on April 20, 2012. See 8 C.F.R. § 1003.38(b). By statute, and unless the period is extended, Castillo is to be removed within 90 days. 8 U.S.C. § 1231(a)(1)(A). His detention during this 90 day period is governed by 8 U.S.C. § 1231(a)(2), which provides in relevant part that "[d]uring the removal period, the Attorney General *shall* detain the alien. *Under no circumstance during the removal period shall the Attorney General release an alien*" who has been found "deportable under section 1227(a)(2)[.]" (Emphasis added).

Additional facts will be provided below where appropriate.

### III. ANALYSIS

"A fundamental principle of the structure of our democracy is that federal courts are courts of limited jurisdiction." Destek Group, Inc. v. N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). "The power of lower federal courts is limited to jurisdiction authorized by the Constitution and expressly conferred by Congress." Id. Under Article III, § 2 of the Constitution, federal courts may only adjudicate live cases or controversies.

Thomas R.W. v. Mass. Dep't of Educ., 130 F.3d 477, 479 (1st Cir. 1997). "A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, or alternatively, when the party invoking federal court jurisdiction no longer has a personal stake in the outcome of the controversy. A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Id. (internal quotations and citations omitted). "When a case is moot – that is, when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome – a case or controversy ceases to exist, and dismissal of the action is compulsory." Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001)

The statutory basis for Castillo's detention is dependent on where he is in the immigration process at any given time. See Prieto-Romero v. Clark, 534 F.3d 1053, 1058 (9th Cir. 2008) (in evaluating habeas petition court must "decide what statutory authority governs an alien's detention at this stage of his legal challenge to his removal"). In the instant case, Castillo is appropriately detained under 8 U.S.C. § 1231(a)(2). There is no contention that he is being detained beyond the period "reasonably necessary to secure removal." See Zadvydas v. Davis, 533 U.S. 678, 700-01, 121 S. Ct. 2491, 2504-05, 150 L. Ed. 2d 653 (2001) (Court recognizes a presumption that alien ordered removed will be deported within 6 months). Castillo's original challenge to his detention pending a decision on his removal from the United States is moot.

## IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Respondent's initial 12(b)(6) Motion to Dismiss (Docket No. 6) be DENIED as MOOT, and that Respondent's 12(b)(1) Motion to Dismiss on Suggestion of Mootness (Docket No. 16) be ALLOWED.[3]

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).